UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>STERICYCLE, INC.,<br><br>        Defendant. | 25 Civ. 498<br><br>**STIPULATION AND ORDER OF SETTLEMENT** |

   1.  WHEREAS, plaintiff the United States of America ("United States"), on behalf of the United States Environmental Protection Agency ("EPA"), filed a Complaint (the "Complaint") against Stericycle, Inc. ("Stericycle"), alleging that between May 5, 2014, and April 6, 2020, Stericycle violated the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 *et seq.*; and the regulations promulgated pursuant thereto, found at 40 C.F.R. Parts 260 through 279.

   2.  WHEREAS, the Complaint seeks an award of civil penalties against Stericycle for violations occurring between May 5, 2014, and April 6, 2020;

   3.  WHEREAS, on April 6, 2020, Stericycle sold its Stericycle Environmental Solutions business and Stericycle represents that, since that date, it has largely ceased managing hazardous waste in the United States; and

   4.  WHEREAS, the United States and Stericycle (collectively, the "Parties") recognize, and the Court by entering this Stipulation and Order finds, that this Stipulation and Order has been negotiated by the Parties in good faith and will avoid litigation among the Parties; that this Stipulation and Order is a fair and reasonable settlement of the claims asserted by the United States, as specifically set forth in the Complaint; and that this Stipulation and Order is fair, reasonable, and in the public interest;

   NOW, THEREFORE, with the consent of the Parties, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## I.  JURISDICTION AND VENUE

   5.  This Court has jurisdiction over the subject matter of the Complaint pursuant to 42 U.S.C. § 6928(a), and 28 U.S.C. §§ 1331, 1345, and 1355, and over the Parties. Venue lies in this District, pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1395(a), because Stericycle conducts business in this District, and a number of the violations allegedly occurred in this District. For purposes of this Stipulation and Order, or any action or proceeding to enforce this Stipulation and Order, Stericycle consents to the Court's jurisdiction over this Stipulation and Order and any such action and over Stericycle and consents to venue in this judicial district.

6. For purposes of this Stipulation and Order, Stericycle agrees that the Complaint states a claim upon which relief may be granted pursuant to RCRA, 42 U.S.C. § 6901 *et seq*.

## II. APPLICABILITY

7. The obligations of this Stipulation and Order apply to and are binding upon the United States and upon Stericycle and any of its successors, assigns, or other entities or persons otherwise bound by law.

8. Stericycle shall provide a copy of this Stipulation and Order to all officers, employees, and agents whose duties might reasonably include compliance with any provision of this Stipulation and Order.

9. In any action to enforce this Stipulation and Order, Stericycle shall not raise as a defense the failure of any of its officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Stipulation and Order.

## III. DEFINITIONS

10. Terms used in this Stipulation and Order that are defined in RCRA or in regulations promulgated pursuant to RCRA, have the meanings assigned to them in RCRA or such regulations, unless otherwise provided in this Stipulation and Order. Whenever the terms set forth below are used in this Stipulation and Order, the following definitions apply:

   a. "Complaint" shall mean the complaint filed by the United States in this action.

   b. "Date of Filing" shall mean the date this Stipulation and Order is filed with the Clerk of the Court for the United States District Court for the Southern District of New York.

   c. "Day" shall mean a calendar day unless expressly stated to be a business day. In computing any period of time under this Stipulation and Order, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day.

   d. "Document" shall be defined in accordance with Local Civil Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York.

   e. "Effective Date" shall have the definition provided in Section IX.

   f. "EPA" shall mean the United States Environmental Protection Agency and any of its successor departments or agencies.

   g. "Paragraph" shall mean a portion of this Stipulation and Order identified by an Arabic numeral.

   h. "Parties" shall mean the United States and Stericycle.

  i.  "Plaintiff" shall mean the United States on behalf of EPA.

  j.  "RCRA" shall mean the Resource Conservation and Recovery Act of 1976, 42 U.S.C. § 6901 *et seq*.

  k.  "Section" shall mean, except when citing a provision of RCRA or other statute or regulation, a portion of this Stipulation and Order identified by a Roman numeral.

  l.  "Stericycle" shall mean defendant Stericycle, Inc.

  m.  "United States" shall mean the United States of America, acting on behalf of EPA.

### IV. ADMISSIONS

11. Stericycle admits, acknowledges, and accepts responsibility for the following facts:

  a.  On numerous occasions between May 5, 2014 and April 6, 2020, Stericycle, by and through its transporters, subsidiaries, and subcontractors for transportation services, was the transporter of RCRA-regulated hazardous waste shipments for RCRA-regulated hazardous waste generators, and failed to deliver part or all of the hazardous waste shipment described on the shipment's manifest (as that term is defined in 42 U.S.C. § 6903(12)) to the designated facility on the manifest.

  b.  On numerous occasions between May 5, 2014 and April 6, 2020, Stericycle (or one of its subsidiaries or subcontractors) served as a transporter of RCRA-regulated hazardous waste shipments to one of Stericycle's RCRA-regulated Treatment, Storage, and Disposal facilities ("TSDF"), and failed to ensure that a manifest accompanied all hazardous waste shipments.

  c.  On numerous occasions between May 5, 2014 and April 6, 2020, Stericycle failed to timely provide RCRA-regulated hazardous waste generators with final signed copies of their hazardous waste shipment manifests within 30 days after the shipments were delivered to Stericycle TSDFs.

  d.  On numerous occasions between June 2018 and April 2020, Stericycle failed to timely submit hazardous waste manifests to EPA's national system for electronically tracking hazardous waste shipments—known as the e-Manifest system—within 30 days after the date of delivery of the hazardous waste shipment to Stericycle TSDFs.

  e.  On numerous occasions between May 5, 2014 and April 6, 2020, Stericycle failed to consult with a generator prior to changing the destination of hazardous waste as designated on a hazardous waste manifest.

   f. On numerous occasions between May 5, 2014 and April 6, 2020, Stericycle stored hazardous waste at its hazardous waste transfer facilities (as that term is defined in 40 C.F.R. § 260.10) for longer than the ten-day limits.

## V. CIVIL PENALTY

  12. Within 60 Days after the Effective Date, Stericycle shall pay to the United States the sum of **$9,500,000** as a civil penalty, together with interest accruing from the Date of Filing at the rate specified in 28 U.S.C. § 1961 as of the Date of Filing.

  13. Stericycle shall pay the civil penalty due to the United States by FedWire Electronic Funds Transfer ("EFT"), in accordance with instructions provided to Stericycle by the United States Attorney's Office for the Southern District of New York after the Effective Date. The payment instructions will include a Consolidated Debt Collection System ("CDCS") number, which Stericycle shall use to identify all payments required to be made in accordance with this Stipulation and Order.

  14. At the time of payment, Stericycle shall send notice and proof of payment: (i) to EPA's Cincinnati Finance Center via email at cinwd_acctsreceivable@epa.gov; (ii) to DOJ via email or regular mail in accordance with Section VIII; and (iii) to EPA in accordance with Section VIII. Such notice shall state that the payment is for the civil penalty owed pursuant to the Stipulation and Order in United States v. Stericycle, Inc., and shall reference the civil action number, CDCS Number and DOJ case number 90-7-1-12831. "Proof of payment" means confirmation of wire or automated clearinghouse transfer, and any other information required to demonstrate that payment has been made according to these requirements, in the amount due.

  15. Stericycle shall not deduct any penalties paid under this Stipulation and Order pursuant to this Section in calculating its federal income tax.

  16. If Stericycle fails to pay the civil penalty required to be paid under Paragraph 12 when due, Stericycle shall pay a stipulated penalty of $1,000 per Day for each Day that the payment is late. Stericycle shall pay such stipulated penalty within 30 Days of receiving the United States' written demand. Stericycle shall pay such stipulated penalty in the manner set forth in Paragraph 13. If Stericycle fails to pay stipulated penalties according to the terms of this Stipulation and Order, Stericycle shall be liable for interest on such stipulated penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due. Interest under 28 U.S.C. § 1961 shall accrue on any unpaid civil penalty or stipulated penalty that is due to be paid until such payment is made. Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Stericycle's failure to pay the civil penalty or any stipulated penalty due hereunder.

## VI. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

  17. This Stipulation and Order resolves only: (1) the civil claims of the United States against Stericycle for the violations alleged in the Complaint in this action through April 6, 2020; (2) any civil claims of the United States against Stericycle pursuant to RCRA Section 3008(a), 42 U.S.C. § 6928(a), that allege violations, through April 6, 2020, of 40 C.F.R.

§ 263.12(a); 40 C.F.R. Part 263, subpart B; 40 C.F.R. Part 264, subpart E; 40 C.F.R. Part 265, subpart E; and 40 C.F.R. § 262.20(d), to the extent such claims arise from the August 19, 2019 Civil Investigative Demand issued by the U.S. Attorney's Office for the Southern District of New York; and (3) civil claims against a corporate successor to Stericycle or other acquirer of any portion of Stericycle's business, to the extent that such civil claims are premised on vicarious successor liability for the violations described in (1) and (2) through April 6, 2020.

18. The United States reserves all legal and equitable remedies available to enforce the provisions of this Stipulation and Order, except as expressly stated in Paragraph 17. This Stipulation and Order shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under RCRA or its implementing regulations, except as expressly specified in the preceding Paragraph. The United States further reserves all legal and equitable remedies to address any imminent and substantial endangerment to the public health or welfare or the environment arising at, within, or posed by, Stericycle, whether related to the violations addressed in this Stipulation and Order or otherwise.

19. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, other appropriate relief relating to Stericycle, or Stericycle's violations, Stericycle shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 17.

20. Except as provided by Paragraph 17, this Stipulation and Order does not limit or affect the rights of Stericycle or of the United States against any third parties, not party to this Stipulation and Order, nor does it limit the rights of third parties not party to this Stipulation and Order against Stericycle, except as otherwise provided by law.

21. This Stipulation and Order shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Stipulation and Order.

22. For avoidance of doubt, nothing in this Stipulation and Order affects any liability of any person for violations of law occurring on or after April 6, 2020.

## VII.   COSTS

23. The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by Stericycle.

## VIII.   NOTICES

24. Unless otherwise specified in this Stipulation and Order, whenever notifications, submissions, or communications are required by this Stipulation and Order, they shall be made in writing and sent by mail or email, with a preference for email, addressed as follows:

| | |
|---|---|
| As to the United States: | Tomoko Onozawa<br>Dominika Tarczynska<br>Assistant United States Attorneys<br>U.S. Attorney's Office, Southern District of New York<br>86 Chambers Street, 3rd Floor<br>New York, New York 10007<br>Email:  tomoko.onozawa@usdoj.gov<br>            dominika.tarczynska@usdoj.gov<br><br>Re: United States v. Stericycle, Inc.<br>DJ # 90-7-1-12831 |
| As to the EPA: | Lauren Stroyeck<br>Attorney-Advisor<br>Office of Civil Enforcement<br>Office of Enforcement and Compliance Assurance<br>U.S. Environmental Protection Agency<br>1200 Pennsylvania Ave., NW<br>Mailcode: 2249A<br>Washington, DC 20460<br>Email: stroyeck.lauren@epa.gov |
| As to Stericycle: | Terra Reynolds<br>Meredith Monroe<br>Latham & Watkins LLP<br>330 N. Wabash, Suite 2800<br>Chicago, IL 60611<br>Email: Terra.Reynolds@lw.com<br>            Meredith.Monroe@lw.com |

25.     Any Party may, by written notice to the other Parties, change its designated notice recipient or notice address provided above or whether notice to that Party shall be provided by mail or email.

26.     Notices submitted pursuant to this Section shall be deemed submitted upon mailing or transmission by email, unless otherwise provided in this Stipulation and Order or by mutual agreement of the Parties in writing.

## IX.  EFFECTIVE DATE

27.     The Effective Date of this Stipulation and Order shall be the date upon which this Stipulation and Order is entered by the Court or a motion to enter the Stipulation and Order is granted, whichever occurs first, as recorded on the Court's docket.

## X.  RETENTION OF JURISDICTION

28. The Court shall retain jurisdiction over this case until all payments required by Section V have been made, for the purpose of resolving disputes arising under this Stipulation and Order, or effectuating or enforcing compliance with the terms of this Stipulation and Order.

## XI. MODIFICATION

29. The terms of this Stipulation and Order may be modified only by a subsequent written agreement signed by all the Parties.  Where the modification constitutes a material change to the Stipulation and Order, it shall be effective only upon approval by the Court.

## XII.  SIGNATORIES/SERVICE

30. Each undersigned representative of Stericycle and the U.S. Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Stipulation and Order and to execute and legally bind the Party he or she represents to this document.

31. This Stipulation and Order may be signed in counterparts, and its validity shall not be challenged on that basis.  Stericycle agrees to accept service of process by mail with respect to all matters arising under or relating to this Stipulation and Order and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons. Stericycle need not file an answer to the Complaint unless or until the Court expressly declines to enter this Stipulation and Order.  Stericycle consents to entry of this Stipulation and Order without further notice.

## XIII.  INTEGRATION

32. This Stipulation and Order, including deliverables that are subsequently approved pursuant to this Decree, constitutes the entire agreement among the Parties regarding the subject matter of the Decree and supersedes all prior representations, agreements and understandings, whether oral or written, concerning the subject matter of the Stipulation and Order herein.

## XIV.  HEADINGS

33. Headings to the Sections and Subsections of this Stipulation and Order are provided for convenience and do not affect the meaning or interpretation of the provisions of this Stipulation and Order.

## XV.  FINAL JUDGMENT

34. Upon approval and entry of this Stipulation and Order by the Court, this Stipulation and Order shall constitute a final judgment of the Court as to the United States and Stericycle.

SO ORDERED this 13th day of February, 2025.

_____
Hon. John P. Cronan
UNITED STATES DISTRICT JUDGE

FOR THE UNITED STATES OF AMERICA:

Dated:    January 17, 2025

            MATTHEW PODOLSKY
            Chief Counsel to the Acting United States Attorney
              for the Southern District of New York,
            Attorney for the United States,
            Acting under Authority Conferred by
            28 U.S.C. § 515

      By: _/s/ Tomoko Onozawa_____
            DOMINIKA TARCZYNSKA
            TOMOKO ONOZAWA
            Assistant United States Attorneys
            86 Chambers Street, 3rd Floor
            New York, New York 10007

FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY:

Dated: January 14, 2025

*Cecil Rodrigues* (signature)

CECIL RODRIGUES
Acting Assistant Administrator
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460


OF COUNSEL:
Lauren Stroyeck
Attorney-Advisor
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., NW
Washington, DC 20460

FOR DEFENDANT STERICYCLE, INC.:

Dated: January 9, 2025

By: *Terra Reynolds*
Terra Reynolds
Meredith Monroe
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, Illinois 60611
*Counsel for Defendant Stericycle, Inc.*

By: *Rafael Carrasco*
Rafael Carrasco
President
On behalf of Stericycle, Inc.

11